UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMBER ARBOGAST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18-CV-777-SPM |
| HEALTHCARE REVENUE RECOVERY GROUP, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses. (Doc. 11). Defendant has not responded to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1)

### I. BACKGROUND

On April 12, 2018, Plaintiff Amber Arbogast filed a petition in Missouri state court, alleging that Defendant Healthcare Revenue Recovery Group, LLC, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in its communications with her regarding the collection of a debt. On May 21, 2018, Defendant removed the case to this Court. On May 31, 2018, Defendant filed its Answer and Affirmative Defenses, asserting six affirmative defenses. (Doc. 10). Plaintiff now moves to strike all six of those affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

### II. DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

1

matter," either on its own or on a motion made by a party. The Court has broad discretion in resolving a motion to strike. *See Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike "are viewed with disfavor and are infrequently granted." *Id.* (internal quotation marks omitted). Courts have observed that "motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment." *Shirrell v. St. Francis Med. Ctr.*, No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (quoting *Morgan v. Midwest Neurosurgeons*, LLC, No. 1:11-CV-37-CEJ, 2011 WL 2728334, at *1 (E.D. Mo. July 12, 2011)); *see also Speraneo v. Zeus Tech., Inc.*, No. 4:12-CV-578-JAR, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (quoting same).

"A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" *Speraneo*, 2012 WL 2117872, at *1 (quotation marks omitted). "A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *Schmidt v. Hosley Int'l, Inc.*, No. 4:15 CV 614 CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015) (quoting *McLafferty v. Safeco Inc. Co. of Ind.*, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014)). In addition, "a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id.*; *see also Shirrell*, 2013 WL 3457010, at *1.

Plaintiff asserts that in evaluating the motion to strike Defendant's affirmative defenses, the Court should apply the pleading requirements articulated in *Ashcroft v. Iqbal*, 556 U.S. 662

(2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which require a complaint to contain sufficient facts to state a claim for relief that is plausible on its face. To support that contention, Plaintiff cites several district court cases from other circuits finding that *Iqbal* and *Twombly* apply to affirmative defenses.

The Eighth Circuit has not considered whether the pleading standards articulated in *Iqbal* and *Twombly* apply to claims apply affirmative defenses, and district courts within the Eighth Circuit have come to different conclusions. *Compare, e.g.*, *Amerisure Ins. Co. v. Thomas*, No. 4:11-CV-642-JCH, 2011 WL 3021205, at *2 (E.D. Mo. July 21, 2011) (recognizing the split in authority and holding "the *Iqbal* and *Twombly* standards apply to affirmative defenses"; reasoning that it makes little sense to hold defendants to a lower pleading standard than plaintiffs), *with Herbst v. Ressler & Assocs.*, No. 4:13-CV-2327-CAS, 2014 WL 4205294, at *8 (E.D. Mo. Aug. 22, 2014) (finding that the *Iqbal* and *Twombly* standards do not apply to affirmative defenses; reasoning that with respect to affirmative defenses, Federal Rule of Civil Procedure 8(c) requires only that a party "affirmatively state" an affirmative defense and does not require a defendant to "show" anything"). *See also Campbell v. Plaza Servs., LLC*, No. 18-00154-CV-W-BP, 2018 WL 3097333, at *1 (W.D. Mo. June 22, 2018) (noting that "[t]he Eighth Circuit has not addressed whether *Iqbal* and *Twombly* apply to affirmative defenses" and finding that they do not); *Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 342-43 & n.5 (D. Neb. 2013) (describing the disagreement and collecting cases within the Eighth Circuit coming to different conclusions on this issue).

As this Court has held previously,[1] this Court is in agreement with those courts that have found that the pleading standards articulated in *Iqbal* and *Twombly* do not apply to affirmative

---

[1] *See Swinter Group, Inc., v. Nationwide Truckers' Ins. Agency*, No. 4:17-CV-2310-SPM, 2018 WL 306024, at *4-*5 (E.D. Mo. Jan. 5, 2018).

3

defenses, for two reasons. First, the Supreme Court in *Iqbal* and *Twombly* was interpreting the language of Rule 8(a)(2) (governing a "claim for relief"), but the language of Rule 8(b) and 8(c) (describing responsive pleadings and affirmative defenses) is different and suggests that a more lenient standard is applicable to affirmative defenses. As one court has stated,

> The Supreme Court's decisions in *Twombly* and *Iqbal* are grounded on Rule 8(a)(2)'s requirement that a "claim for relief" contain "a short and plain statement of the claim showing that the pleader is entitled to relief." By contrast, Rule 8(b) requires responsive pleadings to "state in short and plain terms [a party's] defenses to each claim," and Rule 8(c) then requires parties to "affirmatively state any avoidance or affirmative defense." These linguistic differences indicate that different requirements apply to the various assertions parties make in their pleadings. The Court therefore declines to apply *Twombly*'s and *Iqbal*'s heightened pleading [standard] to affirmative defenses.

*Fed. Trade Comm'n v. BF Labs Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015). *See also Dahhane v. Stanton*, Civ. No. 15-229 (MJD/JJK), 2015 WL 5009642, at *3 (D. Minn. Aug. 24, 2015) ("As to whether an affirmative defense must satisfy the plausibility standards of *Twombly* and *Iqbal*, it has been held in this district that those standards do not apply to the pleading of affirmative defenses because those cases are grounded in a need, under Fed. R. Civ. P. 8(a)(2), to provide a statement showing that a "claim for relief" is plausible, and an affirmative defense is not a claim for relief."); *Exclusively Cats Veterinary Hosp., P.C. v. Pharm Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *2-*3 (E.D. Mich. Sept. 22, 2014) (declining to apply the pleading standards of *Iqbal* and *Twombly* to affirmative defenses; noting "the difference in language of Rule 8(a) and 8(b)"); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09-CV-1909-DDN, 2013 WL 6538680, at *8 (E.D. Mo. Dec. 13, 2013) ("[T]his court has previously held that affirmative defenses are not required to be initially pled according to the plausibility standard set forth in [*Twombly*], which requires parties to plead 'enough facts to state a claim to relief that is plausible on its face.' Rather, affirmative defenses must be initially plead according to Fed. R. Civ. P. 8(b)'s requirement that a defense be stated in

4

short and plain terms.") (internal citations and quotation marks omitted).

Second, as other courts have noted, "it is unfair to impose a plausibility pleading standard on a defendant who has a mere 21 days to answer, unlike a plaintiff who may have had months or years to investigate a claim before pleading." *Dahhane*, 2015 WL 5009642, at *3. *See also Baustian v. Fifth Third Bank,* No. 4:13-CV-1423-SNLJ, 2013 WL 6243857, at *2 ("Given [the dictate of Rule 12(b) that every defense to a claim must be asserted in the required responsive pleading] and the early procedural posture at which defendants commonly must plead affirmative defenses, it is unreasonable to expect Defendant to plead affirmative defenses with the particularity that the [plaintiff's] motion implies is necessary.") (quoting *Hayden v. United States*, 4:12-CV-2030-DDN, 2013 WL 5291755, at *3 (E.D. Mo. Sept. 19, 2013)).

Based on the differences in language between the part of Rule 8 that the Supreme Court relied on in *Twombly* and *Iqbal* and the parts of Rule 8 that apply to affirmative defenses, along with the fairness concerns that would arise if defendants were required to plead specific facts in an affirmative defense in short time frame, the Court finds that the pleading standards articulated in *Twombly* and *Iqbal* do not apply to affirmative defenses.

Plaintiff's principal argument in favor of striking Defendants' affirmative defenses is simply that Defendant has not alleged sufficient facts to support its affirmative defenses under *Iqbal* and *Twombly*. However, because the Court has found that Defendant was not required to plead such facts, this argument does not provide a proper basis on which to strike these affirmative defenses.

Plaintiff also suggests that some of the defenses should be stricken because they are legally inadequate. With regard to the fifth affirmative defense (that Defendant is entitled to a credit or set-off for recovery of damages claimed in separate FDCPA claims), Plaintiff asserts that Defendant has failed to identify any law underlying the affirmative defense. With regard to

the sixth affirmative defense (that Defendant's conduct, communications, and actions were privileged pursuant to 15 U.S.C. § 1692), Plaintiff argues that Defendant has misstated the law. However, Plaintiff has not shown that the inclusion of any of these affirmative defenses in the pleadings will prejudice Plaintiff in any way. As discussed above, if these defenses are irrelevant, they will likely never be raised by Defendant; if they may be relevant, they would be more properly addressed with the benefit of a fuller record. Plaintiff has not established that these affirmative defenses should be stricken pursuant to Rule 12(f).

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses. (Doc. 11) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of August, 2018.